UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| VICTOR THOME and THOMAS FEERICK, | ) | Case No.: 11-CV-00676-LHK |
| Plaintiffs, | ) ) | ORDER DENYING EX PARTE MOTION FOR TRO |
| v. | ) ) | |
| U.S. FOOD AND DRUG ADMINISTRATION, U.S. DEPT. OF HEATH AND HUMAN SERVICES, | ) ) ) | |
| Defendants. | ) ) ) | |

Plaintiffs Victor Thome and Thomas Feerick apply for a Temporary Restraining Order ("TRO") to prevent Defendant U.S. Food and Drug Administration ("FDA") from returning evidence collected in connection with a criminal investigation. Defendant FDA opposes Plaintiffs' request. Having considered the submissions of the parties and the relevant law, the Court hereby denies Plaintiff's application for a TRO.

**I. Background**

On February 14, 2011, Plaintiff Victor Thome filed a complaint seeking expedited processing and release of records requested from Defendant FDA under the Freedom of Information Act ("FOIA"). Thome is a putative Class Representative in a class action lawsuit currently pending in the Orange County Superior Court. Compl. ¶ 2. The state-court class action involves claims for injuries suffered by consumers of dietary supplements designed, manufactured, marketed, and sold by VMG, Global, Inc., doing business as American Cellular Labs ("VMG").

1

*Id.* The FDA was previously involved in a criminal investigation of VMG. Compl. ¶ 1. That investigation led to a criminal action in the Northern District of California, in which VMG pled guilty to criminal charges. Compl. ¶ 1. In the course of the class action litigation, Thomas Feerick, counsel for Thome, asked VMG to produce documents regarding the design, manufacture, marketing, distribution, and sale of the dietary supplements. Compl. ¶ 2. VMG responded by stating that it had no records to produce because the FDA had raided its offices and taken all of the evidence related to the supplements. Compl. ¶ 2; Decl. of Att'y Thomas F. Feerick in Supp. of Ex Parter Appl. for TRO ("Feerick Decl.") ¶ 5, ECF No. 4. Seeking to obtain this evidence, Feerick submitted several FOIA requests to the FDA, requesting information in the FDA's possession related to VMG and the dietary supplements at issue in the class action litigation. According to the Complaint, the FDA has indicated that it is currently in the process of returning the evidence it collected to Mr. Rick Collins, the defense attorney who represented VMG in the criminal action. Compl. ¶ 8; Ex Parte Appl. for TRO ("TRO Appl.") at 2, ECF No. 4. Thome believes that if the evidence is returned to VMG, it may be lost, destroyed, or otherwise made unavailable to injured class members. *Id.* Accordingly, the original Complaint seeks an order precluding the FDA from turning over evidence to VMG and requiring the FDA to expedite processing and disclosure of the information Thome seeks.

On March 3, 2011, Thome filed an application for a temporary restraining order to enjoin the FDA from handing over the evidence in its possession to VMG. The FDA was given notice of the request and filed an opposition on the same day. In its opposition brief, the FDA argued, among other things, that Plaintiff Thome lacked standing to pursue the FOIA claims asserted in this action because the FOIA request was submitted by his counsel, Thomas Feerick, and thus Feerick, rather than Thome, is the real party in interest. Apparently in response to this argument, Thome filed an amended complaint naming Feerick as a co-Plaintiff on March 4, 2011.[1] The Court will now consider whether Plaintiffs Thome and Feerick are entitled to the preliminary relief they seek.

---

[1] Defendant FDA has not objected to this development. Because the Court does not believe the FDA will be prejudiced by its consideration of the amended complaint, the Court takes into consideration some of the facts alleged in the amended complaint and assumes that Feerick is proceeding as a co-Plaintiff in this action. The Court does so without prejudice to the FDA

2
Case No.: 11-CV-00676-LHK
ORDER DENYING EX PARTE MOTION FOR TRO

**II. Legal Standard**

A district court may provide preliminary injunctive relief in order to preserve the status quo pending the determination of an action on the merits. *See Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1023 (9th Cir. 2009). Such relief, however, is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 129 S.Ct. 365, 376 (2008). The standard for issuing a TRO is identical to the standard for issuing a preliminary injunction. *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). A plaintiff seeking a preliminary injunction must make a four-fold showing: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 129 S.Ct. 365, 374 (2008); *Amer. Trucking Assocs., Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).

**III. Analysis**

In this case, the Court agrees with Defendant that Plaintiffs have not made the showing required for issuance of a temporary restraining order. First, and most importantly, Plaintiffs have not made a sufficient showing of the likelihood of irreparable harm. Under the standard articulated by the Supreme Court in *Winter*, a plaintiff seeking preliminary injunctive relief must establish that "irreparable injury is *likely* in the absence of an injunction." *Winter*, 129 S.Ct. at 375 (emphasis in original). A mere possibility that irreparable injury will occur is not sufficient. *Id.*; *see also Enyart v. National Conference of Bar Examiners, Inc.*, 630 F.3d 1153, 1165 (9th Cir. 2011).

Here, Plaintiffs' TRO application rests upon unsupported assertions that VMG is likely to lose or destroy any evidence that the FDA returns to it. In his declaration in support of the TRO application, Feerick claims that "[t]here is a real threat of evidence being lost, destroyed or otherwise unavailable to the Class Members if the FDA is allowed to hand over the evidence to

---

subsequently challenging the propriety of Feerick's joinder or raising other issues related to the amended complaint.

3

Case No.: 11-CV-00676-LHK
ORDER DENYING EX PARTE MOTION FOR TRO

1    [VMG] before this court can decide whether the FDA must comply with [Feerick's] FOIA

2    request." Feerick Decl. ¶ 6. He also claims "the evidence *may* be lost or destroyed if the court

3    does not issue a temporary restraining order." *Id.* (emphasis added). Plaintiffs, however, do not

4    identify what this "real threat" consists of, and they articulate no basis for finding that VMG, the

5    individuals who control VMG, or VMG's former defense counsel, is likely to destroy or lose

6    evidence if it is returned by the FDA.

7    Possibly, Plaintiffs intend the Court to infer, based on VMG's guilty plea to fraudulent

8    conduct, that VMG and its directors cannot be trusted to preserve evidence relevant to a pending

9    lawsuit. Alternatively, Plaintiffs may be concerned that because Mr. Collins no longer represents

10   VMG, he may not preserve evidence belonging to VMG if it is returned to him.[2] It appears,

11   however, that all of these individuals are aware of the class action litigation pending in Orange

12   County. If VMG destroys evidence relevant to the class action, it may face sanctions or negative

13   evidentiary inferences in the Orange County proceedings. *See Cedars-Sinai Medical Center v.*

14   *Superior Court*, 18 Cal. 4th 1, 11-12, 954 P.2d 511 (1998) (discussing evidentiary inferences and

15   "potent" sanctions available for spoliation of evidence under California law). California law also

16   imposes criminal penalties for the willful destruction of documentary evidence, Cal. Pen. Code

17   § 135, and lawyers may be subject to discipline for participating in the destruction of evidence.

18   *See Cedars-Sinai*, 18 Cal. 4th at 13; Cal. Bus. & Prof. Code § 6106. Plaintiffs, it seems, would

19   have the Court believe that VGM and its directors are likely to risk such sanctions and otherwise

20   disregard their obligation to preserve evidence relevant to the class action litigation as soon as the

21   FDA returns the seized evidence to them.

22   The Court agrees with Defendant that it is simply not reasonable for the Court to assume,

23   without some basis in fact, that VMG, its directors, or its former counsel will destroy or otherwise

24   dispose of evidence that they know may be relevant to ongoing civil proceedings. While it may be

25   *possible* that VMG or Mr. Collins may destroy, lose, or dispose of the evidence, Plaintiffs have not

---

[2] The First Amended Complaint and attachments thereto indicate that Mr. Collins is no longer representing VMG and that his office is not authorized to accept service on VMG's behalf. FAC ¶ 2 & Ex. 1. Plaintiffs thus claim that "[t]here is no person or attorney who has stepped forward and agreed to take possession of the documents on behalf of VMG Global, Inc." FAC ¶ 17. This argument is not presented in the TRO application, however.

4

Case No.: 11-CV-00676-LHK
ORDER DENYING EX PARTE MOTION FOR TRO

1   put forth facts or evidence demonstrating that such loss or destruction is likely to occur.  Moreover,

2   as Defendants point out, if Plaintiffs fear that evidence turned over to VMG may be lost, they may

3   guard against that risk by seeking a protective order or other relief from the state court in the

4   pending class action proceedings.  Plaintiffs may then obtain the documents they seek through

5   discovery.  The Ninth Circuit has stated that "[s]peculative injury does not constitute irreparable

6   injury sufficient to warrant granting a preliminary injunction," and "a plaintiff must *demonstrate*

7   immediate threatened injury as a prerequisite to preliminary injunctive relief."  *Caribbean Marine*

8   *Services Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (emphasis in original).  Here,

9   Plaintiffs' allegations that VMG will destroy or dispose of the evidence currently in the FDA's

10  possession do not rise above the level of speculation.  Accordingly, Plaintiffs have not made the

11  required showing that "irreparable injury is *likely* in the absence of an injunction," *Winter*, 129

12  S.Ct. at 375, and their request for a TRO must fail on this ground.

13       In addition, while Plaintiffs do not address the remaining *Winter* factors in their moving

14  papers, the FDA has raised colorable arguments regarding Plaintiffs' likelihood of success on the

15  merits.  In particular, the FDA claims that the documents and evidence sought by Plaintiffs are not

16  "agency records" subject to FOIA.  Generally, requested materials must meet two requirements in

17  order to qualify as agency records: (1) the agency must have either created or obtained the

18  requested materials, and (2) the agency must be in control of the requested materials at the time the

19  FOIA request is made.  *U.S. Dept. of Justice v. Tax Analysts*, 492 U.S. 136, 144-45 (1989).  The

20  District of Columbia Circuit has identified four factors relevant to whether an agency exercises

21  sufficient control over a document to render it an agency record: "(1) the intent of the document's

22  creator to retain or relinquish control over the records; (2) the ability of the agency to use and

23  dispose of the record as it sees fit; (3) the extent to which agency personnel have read or relied

24  upon the document; and (4) the degree to which the document was integrated into the agency's

25  record system or files."  *Burka v. U.S. Dep't of Health and Human Services*, 87 F.3d 508, 515

26  (D.C. Cir. 1996).  The FDA argues that agency control cannot be established in this case because

27  the evidence Plaintiffs seek was collected by the FDA pursuant to search warrant and is therefore

28  owned, not by the FDA, but by the entity from which the evidence was seized.  The FDA claims,

further, that it merely has temporary custody over the seized evidence and lacks authority to control its disposition. While the Court cannot ascertain at this time whether the evidence and documents Plaintiffs seek are properly considered agency records, the FDA has raised colorable arguments that the evidence does not fall within the scope of FOIA and that Plaintiffs may not succeed on the merits of their claims.[3] Plaintiffs, in contrast, did not attempt to address their likelihood of success on the merits in their TRO application.

Based on the foregoing analysis, the Court finds that there is at least some doubt as to whether Plaintiffs are likely to succeed on the merits, and that Plaintiffs have failed to demonstrate that irreparable injury is likely in the absence of an injunction.[4] Because preliminary injunctive relief may not issue without a showing of likely irreparable harm, Plaintiffs' application for a temporary restraining order must be DENIED.

**IV. Conclusion**

For the foregoing reasons, Plaintiffs' request for a temporary restraining order is DENIED. The Court will hold a Case Management Conference on May 4, 2011, at 2 p.m. in Courtroom 4, 5th Floor of the San Jose Courthouse. The parties shall file a Joint Case Management Statement by April 27, 2011, as required by the Local and Federal Rules.

**IT IS SO ORDERED.**

Dated: March 9, 2011

_____
LUCY H. KOH
United States District Judge

---

[3] The FDA also argues that some of the relief requested by Plaintiffs cannot be granted under FOIA and that Plaintiff Thome lacks standing to pursue the instant FOIA litigation. Nonetheless, it appears that at least some of the relief Plaintiffs request may be available under FOIA. Plaintiffs have also attempted to address the standing issue by joining Mr. Feerick as a co-Plaintiff in the action. Because the Court finds that the TRO application must be denied on other grounds, the Court does not attempt to determine whether Thome in fact lacks standing or whether the joinder of Mr. Feerick would cure the alleged lack of standing.

[4] The parties do not address the remaining *Winter* factors regarding the balance of equities and the public interest.

6

Case No.: 11-CV-00676-LHK
ORDER DENYING EX PARTE MOTION FOR TRO