UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VICTOR THOME, ET AL. ) | Case No.: C 11-00676 PSG |
| ) | |
| Plaintiffs, ) | **ORDER GRANTING MOTION TO** |
| v. ) | **DISMISS** |
| ) | |
| U.S. FOOD AND DRUG ADMINISTRATION, ) | **(Re: Docket No. 13)** |
| U.S. DEPARTMENT OF HEALTH AND ) | |
| HUMAN SERVICES ) | |
| ) | |
| Defendant. ) | |

Pending before the court is Defendant U.S. Food and Drug Administration, U.S. Department of Health and Human Services' ("FDA") motion to dismiss Plaintiff Victor Thome's ("Thome") and Plaintiff Thomas Feerick's ("Feerick") First Amended Complaint ("FAC"). For the reasons discussed below, the FDA's motion is GRANTED.

### I. BACKGROUND

On February 14, 2011, Thome filed a complaint seeking review of the denial of his third and fourth requests for records from the FDA under the Freedom of Information Act ("FOIA"). On March 4, 2011, Thome filed the FAC, adding Feerick as a co-plaintiff. Thome is a putative class representative in a class action lawsuit currently pending in the Orange County Superior Court. The state-court class action involves claims for injuries suffered by consumers of dietary supplements designed, manufactured, marketed, and sold by VMG, Global, Inc., doing business as

American Cellular Labs ("VMG"). The FDA was previously involved in a criminal investigation of VMG. That investigation led to a criminal action in the Northern District of California, in which VMG pled guilty to criminal charges.

In the course of the class action litigation, Feerick, counsel for Thome, asked VMG to produce documents regarding the design, manufacture, marketing, distribution, and sale of the dietary supplements. VMG responded by stating that it had no records to produce because the FDA had raided its offices and taken all of the evidence related to the supplements. Seeking to obtain this evidence, Feerick submitted four FOIA requests to the FDA for information in the FDA's possession related to VMG and the dietary supplements at issue in the class action litigation. Feerick sent these requests on October 9, 2009, January 12, 2010, March 12, 2010, and January 7, 2011. FDA has responded to the first and second of these requests, indicating they would not provide the documents because disclosure would reasonably interfere with the ongoing criminal case against VMG. Feerick has yet to receive a final response to the third and fourth requests.

## II. LEGAL STANDARDS

Under Fed. R. Civ. P. 12(b)(1), a court may dismiss a complaint for lack of subject matter jurisdiction. Similarly, Fed. R. Civ. P. 12(h)(3) provides, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Although the FDA is the movant, the party invoking the federal jurisdiction, Plaintiffs here, has the burden of showing that jurisdiction is proper.[1] The court presumes a lack of jurisdiction until the party asserting jurisdiction proves otherwise.[2]

---

[1] *See Thornhill Publishing Co. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

[2] *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

"Dismissal with prejudice and without leave to amend is not appropriate unless it is clear that the complaint could not be saved by amendment."[3] If dismissing with prejudice, a district court's failure to consider the factors relevant to whether amendment should be permitted and failure to articulate why dismissal should be with prejudice instead of without prejudice may constitute an abuse of discretion.[4]

### III. DISCUSSION

The Supreme Court has held that the federal courts only have jurisdiction over actual "cases" and "controversies."[5] Article III of the United States Constitution "requires a litigant to have standing to invoke the power of a federal court."[6] The Supreme Court has held that to have standing, a party "must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, . . . and (b) actual or imminent, not conjectural or hypothetical."[7] The court stated further that by "particularized," it meant that "the injury must affect the plaintiff in a personal and individual way."[8]

Several courts have dismissed FOIA claims for lack of standing where plaintiff's counsel submitted a request for documents to an agency without including the plaintiff's name on the request or stating that the request was being filed on behalf of the plaintiff.[9] These courts have

---

[3] *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F. 3d 1048, 1052 (9th Cir. 2003).

[4] *See id*. at 1052.

[5] *See Allen v. Wright*, 468 U.S. 737, 750 (1984).

[6] *Id.*

[7] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citations omitted).

[8] *Id.* at n. 1.

[9] *See, e.g., Mahtesian v. U.S. Office of Personnel Management*, 388 F. Supp. 2d 1047, 1048-50 (N.D. Cal. 2005) (reviewing cases and holding that a client who was not identified in a FOIA request that was made by the client's attorney lacked standing); *see also* 5 U.S.C. § 552(a)(4)(B) (FOIA confers jurisdiction upon the district court to enjoin agencies "from withholding agency

3

Case No.: 11-00676 PSG
ORDER

held that a person whose name does not appear on the request for disclosure lacks standing to sue under FOIA, even if his interest was asserted in the request.[10] If a person's name does not appear on a FOIA request, that person has not made a formal request within the meaning of the statute and "may not sue in district court when the agency refuses to release requested documents because he has not administratively asserted a right to receive them in the first place."[11]

In this case, the only person identified in the FOIA request was Feerick. The requests state Feerick represents a class of plaintiffs and the requested information will help support their case. Although the cover letter attached to the fourth FOIA request contains a header that includes the line, "Re: . . . My Client: Plaintiff/Class Representative Victor Thome,"[12] Thome is not identified in any of the FOIA requests. Additionally, Feerick does not state in the coverletter or in any of the FOIA requests that he made the request on behalf of the class plaintiffs or Thome specifically. Thus, Feerick is the only person who has made a formal request within the meaning of the FOIA statute. Plaintiffs have made no argument or cited any cases to the contrary. Thome therefore has no standing to bring this action.

The FDA argues that Thome also lacked standing to amend his complaint to add Feerick in the FAC. Plaintiffs argue that, regardless of whether Thome lacks standing, the complaint was properly amended to add Feerick, and that any remaining defect may be corrected by substituting Feerick as the real party in interest pursuant to Rule 17 or joining Feerick as a party pursuant to Rule 21. Plaintiffs, however, have not cited a single case in support of their argument or attempted

---

records and to order the production of any agency records improperly withheld *from the complainant*.") (emphasis added).

[10] *See McDonnell v. United States*, 4 F.3d 1227, 1236-37 (3rd Cir. 1993) ("Although his interest was asserted, [plaintiff's] signature does not appear on any of the FOIA requests, and he, himself, did not formally pursue administrative remedies upon the denial of these requests.").

[11] *Id*. at 1237.

[12] *See* 4/7/2011 Decl. of Federick J. Sadler Supp. Motion To Dismiss Ex. E (Docket No. 13-2).

4

Case No.: 11-00676 PSG
ORDER

to distinguish the many cases cited by the FDA.

"A party lacking Article III standing at the outset of the lawsuit has no power to prosecute the action. As such, 'a plaintiff may not amend the complaint to substitute a new plaintiff in order to cure a lack of jurisdiction, because a plaintiff may not create jurisdiction by amendment when none exists.'"[13] Thus, because Thome "did not have standing to assert its claims when [he] filed suit, the [c]ourt does not have subject matter jurisdiction to consider anything filed thereafter, including the amended complaint" in which Feerick was added as a Plaintiff.[14] Neither Rule 15, Rule 17, nor Rule 21 provide a mechanism by which Thome can remedy his lack of standing to file the original complaint or to add Feerick in the FAC. Plaintiffs have failed to meet their burden to show that jurisdiction is proper.[15] Accordingly,

IT IS HEREBY ORDERED that, because Thome does not have standing to bring this action, his claims are dismissed with prejudice.[16] Feerick's claims, however, are dismissed without prejudice, and he may pursue his claims under FOIA in a new lawsuit.

Dated: July 27, 2011

PAUL S. GREWAL
United States Magistrate Judge

---

[13] *In Re Flash Memory Antitrust Litig.*, No. C 07-0086 SBA, 2010 WL 2465329, *3 (N.D. Cal. June 10, 2010) (quoting *Lans v. Gateway 2000, Inc.*, 84 F. Supp. 2d 112, 115 (D.D.C. 1999)); *see Unigard Ins. Co. v. Department of Treasury*, 997 F. Supp. 1339, 1342 (finding that, because plaintiff had never made a formal FOIA request and therefore lacked standing, the court lacked jurisdiction to grant plaintiff leave to amend to add additional plaintiff); *see also*, *Aetna Casualty and Surety Co. v. Hillman*, 796 F.2d 770, 776 (5th Cir. 1986) (finding that a non-diverse plaintiff could not amend its complaint because Rule 15 "do[es] not allow a party to amend to create jurisdiction where none actually existed"); *Finalco Equipment Investors X v. Welch*, 718 F. Supp. 1446, 1449, (N.D. Cal. 1989) (same, applying Rule 17).

[14] *Vianix Delaware LLC v. Nuance Communications, Inc.*, Civ. No. 09-0067, 2009 WL 1364346, at *2 (D. Del. May 12, 2009).

[15] The court need not address the FDA's argument regarding the sufficiency of Plaintiffs' allegations that the documents sought are agency records because the action is dismissed on different grounds.

[16] *See e.g., Unigard Ins. Co. v. Department of Treasury*, 997 F. Supp. 1339, 1343 (S.D. Cal. 1997).

5

Case No.: 11-00676 PSG
ORDER